IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Benjamin Bluman,**
    455 West 37th Street, Apt. 208
    New York, NY 10018

**Dr. Asenath Steiman,**
    353 East 17th Street, Apt. 4G
    New York, NY 10003

        Plaintiffs,

v.

**Federal Election Commission,**
    999 E Street, NW
    Washington, DC 20463,

        Defendant.

CIVIL ACTION NO._____

THREE JUDGE COURT

**COMPLAINT**

## I.  INTRODUCTION

1.  This is an action challenging the constitutionality of 2 U.S.C. § 441e (as well as its implementing regulations, found at 11 CFR § 110.20) as applied to prohibit political contributions and independent expenditures by foreign nationals who lawfully reside and work in the United States. Section 441e and its regulations (the "Alien Gag Law") prohibit, upon pain of civil and criminal penalties, any foreign national other than a permanent resident from (i) making a contribution to a candidate for local, state, or federal office; (ii) making a contribution to a committee of a political party; or (iii) making any independent expenditure in connection with a local, state, or federal election. This statutory provision was enacted by § 303 of the Bipartisan Campaign Reform Act of 2002 ("BCRA"), Pub. L. No. 107-155, 116 Stat. 81, 96.

2. Plaintiffs are foreign nationals who are legally authorized to live and work in the United States. They are subject to the laws enacted by their local, state, and federal governments. They pay taxes and robustly participate in civic life. Plaintiffs also hold strong political views on a variety of matters of public concern. They wish to express and actualize those views by, among other things, (i) contributing funds to candidates for political office who share their opinions; (ii) contributing funds to committees of the political parties who best represent their ideological and policy preferences; and (iii) independently spending money to advocate for their preferred candidates, including by donating to independent political committees and expending funds directly to print and distribute pamphlets. Each of these avenues of political expression is forbidden by the Alien Gag Law.

3. Plaintiffs lawfully reside and work in the United States and are protected by the First Amendment to the United States Constitution. The Alien Gag Law's restrictions on core political speech, enumerated above, violate the First Amendment. Plaintiffs therefore seek a declaration that § 441e and its implementing regulations are unconstitutional as applied to foreign nationals lawfully residing and working in the United States, and a corresponding injunction preventing Defendant from enforcing the statute or regulations against such persons.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and BCRA § 403, 116 Stat. at 113-14, because Plaintiffs elect "such provisions to apply to the action." BCRA § 403(d)(2), 116 Stat. at 114.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and BCRA § 403, 116 Stat. at 113-14, because Plaintiffs elect "such provisions to apply to the action." BCRA § 403(d)(2), 116 Stat. at 114.

### III. THREE-JUDGE PANEL

6. Pursuant to 28 U.S.C. § 2284 and BCRA § 403, 116 Stat. at 113-14, Plaintiffs request the appointment of a three-judge panel to hear and resolve this Complaint. Pursuant to BCRA § 403(d)(2), 116 Stat. at 114, Plaintiffs elect the provisions of BCRA § 403(a) to apply to this action.

### IV. THE PARTIES

7. Plaintiff Benjamin Bluman, a natural person, is a citizen of Canada who resides in New York City, New York.

8. Plaintiff Dr. Asenath Steiman, a natural person, is a dual citizen of Canada and Israel who resides in New York City, New York.

9. Defendant Federal Election Commission ("FEC") is the government agency with enforcement authority over § 441e.

### V. FACTS

10. Mr. Benjamin Bluman is a Canadian citizen. He attended Harvard Law School in Cambridge, Massachusetts, from September 2006 until June 2009. During that period, he lawfully resided in the United States as an "F1-status" non-immigrant. Thereafter, on November 12, 2009, Mr. Bluman was admitted to the United States as a "TN-status" non-immigrant. Subject to certain conditions, he is authorized to remain and work in the United States for a term of three years, ending on November 11, 2012. Following that period, Mr. Bluman is likely to apply for TN status for a second three-year term, as he is permitted to do under the law, which imposes no limit on the number of times one may apply for (or obtain) TN status.

11. Mr. Bluman is currently employed as an associate by a law firm in New York. He is scheduled to be sworn into the Bar of the State of New York on November 22, 2010, and intends thereafter to join the American Bar Association ("ABA").

12. Mr. Bluman has long been involved in various political causes and activities. He is passionate, in particular, about protecting the environment, recognizing same-sex marriage, and ensuring that "net-neutrality" is enshrined into law.

13. Mr. Bluman desires to express his views on those matters by contributing money to candidates for political office and by independently advocating for such candidates. In particular, he seeks to:

(a) contribute the sum of $100 to Representative Jay Inslee (D – WA), who has been at the forefront of the push toward mandating net-neutrality;

(b) contribute the sum of $100 to Diane Savino, a Democratic State Senator in New York, who has been a powerful and eloquent proponent of same-sex marriage;

(c) contribute the sum of $100 to President Barack Obama in support of his bid for reelection to the presidency; and

(d) print flyers in support of the reelection of President Barack Obama, and distribute those flyers in Central Park.

14. Mr. Bluman expects that over the coming years, while he resides in the United States, he will want to make similar contributions and expenditures in support of other candidates for local, state, and federal office.

15. Dr. Asenath Steiman is a dual citizen of Canada and Israel. On June 23, 2009, she was admitted to the United States as a "J1-status" non-immigrant. Subject to certain conditions, she is authorized to reside and work in the United States for a period of three years, but that term is subject to extension, to a maximum of seven years. Dr. Steiman is fulfilling her medical residency at the Beth Israel Medical Center in New York City.

16. Dr. Steiman is a member of the American Medical Association ("AMA").

17. Dr. Steiman has been politically active for many years. In Canada, she was a member of the Conservative Party of Canada and its predecessor party, and during college she held office in that party's campus association. Dr. Steiman is particularly passionate about preventing a Government-takeover of the health-care system in the United States. She also strongly supports tax reductions and policies that encourage entrepreneurship by increasing economic liberty.

18. Dr. Steiman desires to express her views on those matters by contributing money to candidates for political office and to committees of political parties, and by independently advocating for such. In particular, she seeks to:

(a) contribute the sum of $100 to Senator Tom Coburn (R – OK), who is a medical doctor and has been a leader in the opposition to the recent federal health-care legislation and in the movement to repeal the same;

(b) contribute the sum of $100 toward her preferred candidate for the Republican nomination to challenge President Barack Obama in the next presidential election;

(c) contribute the sum of $100 to the National Republican Senatorial Committee, which will help to elect candidates who are broadly sympathetic to these causes; and

(d) donate the sum of $100 to the Club for Growth, which independently advocates for candidates who support lower taxes and economic freedom.

19. Dr. Steiman expects that over the coming years, while she resides in the United States, she will want to make similar contributions and expenditures in support of other candidates for local, state, and federal office.

20. The Alien Gag Law prohibits both Mr. Bluman and Dr. Steiman from expressing their political views in any of the aforementioned ways.

21. Section 441e and its implementing regulation, 11 CFR § 110.20, forbid any foreign national (other than one who has been admitted to the United States for permanent residence) from, "directly or indirectly," making "a contribution or donation of money or other thing of value . . . in connection with a Federal, State, or local election"; making "a contribution or donation to a committee of a political party"; or making an "expenditure," "independent expenditure," or "disbursement for an electioneering communication" in connection with any federal, state, or local election.

22. Plaintiffs are foreign nationals covered by the Alien Gag Law, and the political speech in which they desire to engage falls within its scope.

23. A willful violation of § 441e is punishable by a civil penalty not exceeding the greater of $10,000 or 200 percent of any contribution or expenditure involved in the violation. It is also punishable criminally by up to five years' imprisonment. 2 U.S.C. § 437g(a)(6), (d).

24. But for the prohibitions of § 441e, Plaintiffs would engage in the various forms of political advocacy enumerated above. Plaintiffs have not engaged in the above for fear of being subjected to the severe penalties applicable to violations of § 441e.

## VI.  CLAIMS

25. Plaintiffs incorporate paragraphs 1-24 of this Complaint.

26. The Alien Gag Law, as applied to aliens who are lawfully residing and working in the United States, violates the First Amendment to the United States Constitution.

27. Plaintiffs lawfully reside and work in the United States, and are fully protected by the First Amendment.

28. The forms of expression that are criminalized by the Alien Gag Law constitute core political speech entitled to the strongest protection under the First Amendment.

29. Defendant cannot show that the prohibitions in the Alien Gag Law are narrowly tailored to serve a compelling government interest. Nor can Defendant even show that these prohibitions are closely drawn to serve a sufficiently important government interest. Indeed, the prohibitions are arbitrary and irrational.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

(1) declaring that 2 U.S.C. § 441e and 11 CFR § 110.20, as applied to foreign nationals lawfully residing and working in the United States, violate the First Amendment to the United States Constitution;

(2) enjoining the FEC from enforcing 2 U.S.C. § 441e or 11 CFR § 110.20 against Plaintiffs and other similarly situated foreign nationals;

(3) granting costs and attorneys' fees pursuant to any applicable statute or authority; and

(4) awarding any other relief this Court deems just and proper.

Dated: October 19, 2010   Respectfully submitted,

_____
Warren Postman
   D.C. Bar No. 995083


_____
Jacob M Roth
   D.C. Bar No. 995090


JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 200001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700
wpostman@jonesday.com
yroth@jonesday.com

**Counsel for Plaintiffs**